1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6
7

8   ANDREW H.,

9                          Plaintiff,            Case No. C24-5967-SKV

10       v.                                      ORDER AFFIRMING THE
                                                 COMMISSIONER'S DECISION
11  COMMISSIONER OF SOCIAL SECURITY,

12                          Defendant.

13

14      Plaintiff seeks review of the partial denial of his applications for Supplemental Security

15  Income (SSI) and Disability Insurance Benefits (DIB).  Having considered the ALJ's decision,

16  the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the

17  Commissioner's final decision and **DISMISSES** the case with prejudice.

18                               **BACKGROUND**

19      Plaintiff was born in 1970, has an associate's degree in counseling/human services, and

20  has worked as a fiberglass laminator and parts clerk.  *See* AR 2153, 2165.  He last worked in

21  2006.  *See* AR 2153.

22      Plaintiff applied for SSI and DIB in November 2010, alleging disability as of July 15,

23  2006.  *See* AR 19.  His date last insured (DLI) is June 30, 2011.  AR 281.

Plaintiff's applications resulted in multiple ALJ hearings, *see* AR 39-84, 941-64, 965-93, 994-1016, 2180-221, 2222-44, five ALJ decisions, AR 16-38 (May 29, 2013), AR 1375-88 (March 2, 2016), AR 1398-1423 (July 27, 2018), AR 2361-82 (September 7, 2021), AR 2146-67 (July 25, 2024), two Appeals Council remands, AR 1391-93 (November 17, 2016), AR 2395-97 (November 21, 2022), two remands from this Court, AR 1046-66 (September 5, 2014), AR 2332-51 (July 17, 2020), and one Ninth Circuit decision affirming a decision of this Court, AR 2276-79 (July 6, 2017).

The ALJ decision now under consideration is dated July 25, 2024.  AR 2146-67. Because the ALJ in the previous decision found Plaintiff disabled on his SSI application beginning April 11, 2020, *see* AR 2382, the ALJ was tasked with considering Plaintiff's claims prior to that date.  The ALJ found Plaintiff was not disabled prior to May 10, 2017, but became disabled on that date and continued to be disabled through the date of the decision, and that he was not under a disability at any time through his June 30, 2011 DLI.  AR 2167.  *See also* AR 2146-47 (discussing additional SSI and DIB applications denied initially, for which Plaintiff did not seek reconsideration, and for which the ALJ found no cause for reopening).

### THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff has not engaged in substantial gainful activity since the July 15, 2006 alleged onset date.

**Step two**:  Plaintiff has the following severe impairments:  lumbar spine degenerative disc disease and degenerative joint disease status post surgeries; major depressive disorder; generalized anxiety disorder; and personality disorder.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

1

2

**Residual Functional Capacity (RFC)**:  Prior to May 10, 2017, Plaintiff can perform light work, except he must be able to sit/stand alternately every fifteen minutes; must have simple instructions only; must have only occasional contact with the public and coworkers; must not be required to perform overhead lifting; and must not be required to work at heights or near hazardous machinery.  Since May 10, 2017, Plaintiff can perform light work with those same limitations and must also be allowed to take additional breaks of fifteen minutes per hour.

3

4

**Step four**:  Plaintiff cannot perform past relevant work.

5

6

**Step five**:  Prior to May 10, 2017, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform and Plaintiff is therefore not disabled.  Beginning on May 10, 2017, there are no jobs Plaintiff can perform and Plaintiff therefore became disabled on that date.

7

8

9

AR 2146-67.

10

Plaintiff appealed this final decision of the Commissioner to this Court.  Dkt. 1.  The

11

parties consented to proceed before the undersigned Magistrate Judge.  Dkt. 2.

12

### LEGAL STANDARDS

13

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

14

security benefits when the ALJ's findings are based on harmful legal error or not supported by

15

substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir.

16

2005).  As a general principle, an ALJ's error may be deemed harmless where it is

17

"inconsequential to the ultimate nondisability determination."  *Molina v. Astrue*, 674 F.3d 1104,

18

1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to

19

determine whether the error alters the outcome of the case."  *Id.*

20

Substantial evidence is "more than a mere scintilla.  It means - and means only - such

21

relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

22

*Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747,

23

750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving

1    conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v.*

2    *Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record

3    as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the

4    Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is

5    susceptible to more than one rational interpretation, it is the Commissioner's conclusion that

6    must be upheld. *Id.*

7    ### DISCUSSION

8        Plaintiff argues the ALJ erred in evaluating the medical opinion evidence, his symptom

9    testimony, and lay evidence.[3] The Commissioner argues the ALJ's decision is free of harmful

10    legal error, supported by substantial evidence, and should be affirmed.

11    ### A.    The ALJ Did Not Err in Assessing Medical Opinion Evidence

12        Because Plaintiff's applications predate March 2017, the prior regulations for evaluating

13    medical opinion evidence apply. *See* 20 C.F.R. §§ 404.1527, 416.927. Where, as here, the

14    record contains conflicting opinions, the ALJ must provide "specific and legitimate reasons"

15    supported by substantial evidence for rejecting the opinions of treating and examining

16    physicians. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). An ALJ may reject opinions

17    from a non-examining physician by reference to specific evidence in the medical record, *Sousa v.*

18    *Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998), and opinions from "other sources", such as an

19    advance registered nurse practitioner (ARNP) or counselor, by providing reasons germane to that

20    source, *Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017) (citing *Molina*, 674 F.3d at 1111).

21

22

23        [3] Plaintiff's derivative allegations that these errors led to errors in the RFC assessment and step five finding need not be separately addressed. Nor does the Court consider Plaintiff's mere suggestion that the ALJ erred in not reopening his prior applications for benefits. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (court need not address issues not argued with any specificity).

1    Plaintiff asserts error in relation to some eighteen medical opinions and one medical

2    record authored by fourteen different individuals.[4]  Counsel for Plaintiff in many instances offers

3    conclusory disagreement with the ALJ's findings, argues for the adoption of an alternative

4    interpretation of the evidence, and/or "fail[s] to provide adequate explanation or to engage in any

5    meaningful manner with the reasons and record citations provided by the ALJ with respect to the

6    challenged evidence." *Brian J. C. v. Comm'r of Soc. Sec.*, No. C24-5294-SKV, 2025 WL

7    1149711, at *6-7 (W.D. Wash. Apr. 18, 2025) (also citing numerous cases in which counsel for

8    Plaintiff has been admonished for these same deficiencies in briefing).  Counsel for Plaintiff also

9    belatedly raises arguments for the first time in the reply brief.

10    Neither the bare assertion of an issue, nor summaries of evidence unaccompanied by

11    analysis or legal arguments suffice to demonstrate harmful error.  *See Greenwood v. Fed.*

12    *Aviation Admin.,* 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an

13    appellant, and a bare assertion does not preserve a claim, particularly when a host of other issues

14    are presented for review."); *see also Putz v. Kijakazi*, No. 21-35733, 2022 WL 6943095, at *2

15    (9th Cir. Oct. 12, 2022) (finding that plaintiff, who was represented by the same counsel as in

16    this case, waived any points offered either through bare assertions of error or through lists of

17    "numerous clinical findings, unaccompanied by argument, intended to corroborate testimony the

18    ALJ discounted"); *Carmickle v. Commissioner*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008)

19    (declining to address issues not argued with any specificity).  Also, the Court may not "reweigh

20

21    _____

    [4] The only medical opinions left unchallenged come from non-examining physicians Matthew
    Comrie, Psy.D., and Bruce Eather, Ph.D., and assessed only mild problems related to Plaintiff's mental
22    impairments and no associated functional limitations.  *See* AR 87-112, 115-44.  The ALJ gave these
    opinions little weight, finding they failed to take the totality of the record into consideration, "which
    clearly shows that while [Plaintiff's] mental impairments result in only mild to moderate limitations, they
23    are, in fact, severe."  AR 2159 (citing to record as showing treatment notes and consultative examinations
    showing, at times, presentation with depressed/anxious mood, slightly impaired concentration, irritability,
    and, on occasion, slightly impaired judgment).

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 5

1    the evidence or substitute [its] judgment for that of the ALJ." *Ahearn v. Saul*, 988 F.3d 1111,

2    1115 (9th Cir. 2021).  Finally, because "arguments not raised by a party in an opening brief are

3    waived[,]" *Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009), the

4    Court herein considers only those arguments first raised "'specifically and distinctly'" in

5    Plaintiff's opening brief, *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir.

6    2003) (quoted source omitted).

7            1.    *Judy Miller*

8            The ALJ gave great weight to ARNP Judy Miller's January 2010 opinion that Plaintiff

9    was capable of light work with limitations in his ability to balance, stoop, climb, crouch, pull,

10   and push.  AR 2157 (citing AR 635).  The ALJ found this opinion supported by diagnostic

11   testing and physical exams, as evidenced by examination findings that included reduced range of

12   motion, tenderness to palpation, occasional positive straight leg raise testing, and give away

13   weakness, and noted the record often reflects Plaintiff ambulates with a normal gait/station

14   and/or balance/coordination and is able to heel-toe walk.  *Id*. (citing AR 637, 646, 665, 686,

15   1237, 1272, 1815, 1975, 1977, 2140, 2777-96).

16           The ALJ gave little weight to Miller's June and July 2010 opinions finding Plaintiff able

17   to function at the sedentary level, with varying abilities to stand, sit, lift, and/or bend.  *Id*. (citing

18   AR 640 (stand three hours, sit two hours, lift five pounds occasionally and eight frequently); AR

19   648 (stand three hours, sit four hours, lift eight pounds occasionally and four frequently, no

20   bending over thirty degrees).  The ALJ identified inconsistency between Miller's observation

21   that MRI results were not consistent with Plaintiff's reports of pain or exam findings and her

22   opinion Plaintiff could not persist for an eight-hour day.  AR 2157 (citing AR 649 (also stating:

23   "MRI indicates much milder disease than [Plaintiff's] complaints would support.")).  She found

1    the evaluation appeared to be largely based on subjective reports, rather than objective findings,

2    identifying as an example the fact that Plaintiff asserted he could lift about eight pounds and the

3    evaluation form indicating he could lift eight pounds on occasion.  *Id*. (citing AR 650).  She also

4    found some assessed limitations inconsistent with one another, contrasting restrictive lifting/

5    carrying and bending assessments, with a failure to include any postural or environmental

6    restrictions.  *Id*. (citing AR 641).  *See also* AR 2154 (considering that Miller, in June 2010, noted

7    Plaintiff appeared to be "'overstating and overplaying his symptoms'") (quoting AR 646).

8         Plaintiff asserts an absence of substantial evidence support for the ALJ's analysis.  He

9    identifies error in the ALJ's interpretation of Miller as relying on his subjective reports.

10   Specifically, Plaintiff concedes the ALJ cited one example that appears to support her analysis,

11   but asserts that the rest of Miller's opinions were based on her independent clinical findings,

12   including a very antalgic gait, decreased flexion and no extension, decreased reflexes, left foot

13   weakness, and complaints of pain with active and passive range of motion.  *See* AR 646, 650.

14        The Court finds no error.  The ALJ is responsible for resolving conflicts in medical

15   testimony and resolving any ambiguities.  *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595,

16   603 (9th Cir. 1999).  An ALJ properly undertakes that responsibility by, as here, identifying

17   inconsistencies within and between providers' opinions.  *Id*.  Plaintiff here offers a different

18   interpretation of the evidence, but does not show that the ALJ's interpretation was not rational or

19   undermine the substantial evidence support for the ALJ's conclusion.

20        2.    *Gary Gaffield, D.O.*

21        The ALJ gave great weight to the May 2011 opinion of consultative examiner Dr. Gary

22   Gaffield that Plaintiff could perform light work with occasional postural activities and some

23   environmental limitations.  AR 2158 (citing AR 665-66).  Plaintiff asserts error in the ALJ's

1    failure to discuss many of Dr. Gaffield's clinical findings or to acknowledge the consistency of

2    those findings with the January 2013 opinion of consultative examiner Mark Heilbrunn, M.D.

3    The ALJ did, however, cite to and discuss Dr. Gaffield's clinic findings.  *See* AR 2154, 2158.

4    Nor did the ALJ err in failing to address any consistency between those findings and the findings

5    of another physician.  While an ALJ must explain why he rejects medical opinion evidence, no

6    such requirement exists where a medical opinion is accepted.  *Turner v. Comm'r of Social Sec.*

7    *Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010); *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir.

8    1995).  Plaintiff thus fails to identify error in relation to Dr. Gaffield.

9                    3.      *Mark Heilbrunn, M.D.*

10           The ALJ assigned little weight to Dr. Heilbrunn's January 2013 opinion assessing a

11   variety of restrictive physical limitations as it was "overly restrictive, unsupported, and

12   inconsistent with the totality of the medical record."  AR 2159.  She found assessed manipulative

13   limitations – including occasionally reaching overhead with the right arm and lifting/carrying

14   ten-to-twenty pounds with the right hand and zero-to-ten with the left – unsupported, as there

15   were "minimal findings and/or noted duration/consistent treatment regarding" the use of the right

16   arm, electrodiagnostic testing showed no abnormalities in the upper extremity, and Plaintiff

17   exhibited normal coordination, generally intact upper extremity strength, and grip testing within

18   normal limits.  *Id*. (citing AR 377, 646, 665, 1237, 1272).  The ALJ nonetheless, "in an

19   abundance of caution," limited Plaintiff to no overhead lifting.  *Id*.  The ALJ also found an

20   absence of support in the record for an assessed limitation to "standing, walking, and/or sitting"

21   for three-to-four hours in a workday.  *Id*.  The ALJ stated that, while the record noted some

22   balance issues, Plaintiff more often than not exhibited normal gait/station and/or balance, normal

23

1    coordination, and the ability to walk without an assistive device and to heel-toe walk.  *Id*. (citing

2    AR 377, 646, 665, 1237, 1272).

3        Plaintiff assigns error to the ALJ's finding that Dr. Heilbrunn's opinion was unsupported.

4    He asserts that the opinion, including the assessed manipulative limitations, is supported by Dr.

5    Heilbrunn's own independent clinical findings, most of which the ALJ did not discuss.  Plaintiff

6    also asserts that the ALJ mischaracterized the opinion with regard to sitting and standing/

7    walking, noting Dr. Heilbrunn actually opined Plaintiff could "sit 3-to-4 hours/8 hours *and*

8    stand/walk 3-to-4 hours/hours[,]" Dkt. 13 at 7, which is reasonably consistent with the RFC

9    limitation to alternating sitting and standing every fifteen minutes.

10       The Court finds no error.  The ALJ provided specific and legitimate reasons for assigning

11   little weight to Dr. Heilbrunn's opinion by identifying an absence of sufficient support in his

12   findings and inconsistency with other medical evidence of record, including, but not limited to,

13   Dr. Gaffield's clinical findings.  *See, e.g.*, *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir.

14   2008) (ALJ properly considers inconsistency with the record); *Bayliss v. Barnhart*, 427 F.3d

15   1211, 1216 (9th Cir. 2005) (discrepancy or contradiction between opinion and physician's own

16   notes or observations is "a permissible determination within the ALJ's province."); *Morgan*, 169

17   F.3d at 603 (internal inconsistencies within and between physicians' reports).  Contrary to

18   Plaintiff's suggestion, the ALJ sufficiently addressed Dr. Heilbrunn's findings in his earlier

19   discussion of the medical record.  *See* AR 2155; *see also Kaufmann v. Kijakazi*, 32 F.4th 843,

20   851 (9th Cir. 2022) (the Court considers "*all* the pages" of an ALJ's decision in conducting its

21   assessment).  Nor is it clear the ALJ mischaracterized Dr. Heilbrunn's opinion in relation to

22   sitting, standing, and walking.  *See* AR 2159 ("He opined the claimant could sit for at least 10-15

23   minutes with a maximum sitting capacity of 3-4 hours in an 8-hour workday.  The same

1   limitations were assessed related to the claimant's ability to stand/walk.")  Plaintiff, in any event,

2   concedes that that particular opinion is consistent with the assessed RFC.  Plaintiff therefore does

3   not identify harmful error.

4       4.      *Larry Conover, Brent Packer, M.D., and Bonnie McReynolds*

5       Lawrence Conover, PA-C, AR 1826-28 (October 2013), Brent Packer, M.D., AR 1876-

6   78 (November 2013), and ARNP Bonnie McReynolds, AR 1936-38 (September 2015) offered

7   opinions restricting Plaintiff to sedentary or less than sedentary work.  Dr. Packer also opined

8   that Plaintiff's back condition met a listing and that his right shoulder condition was "additive to

9   impairments[,]" AR 1876, and McReynolds issued Plaintiff a twelve-month disabled parking

10   placard, *see* AR 1969-78.

11      The ALJ provided the same reasons for assigning little weight to this opinion evidence.

12   *See* AR 2160-62.  She found that the medical evidence of record and Plaintiff's demonstrated

13   functioning prior to May 10, 2017, supported his ability to perform light exertional work.  *Id.*

14   She stated that, while imaging showed mild-to-moderate lumbar abnormalities, testing reflected

15   only moderate issues with improvement status-post surgery, *id.* (citing AR 1248, 2140), and that

16   the record showed little treatment between Plaintiff's first surgery in 2006 through 2017.  She

17   acknowledged examination findings of reduced lumbar range of motion, lumbar tenderness to

18   palpation, occasional positive straight leg raise testing, and give away weakness, *id.* (citing AR

19   637, 646, 665, 686, 2777-90, 1975, 2140), and some notations of balance issues, but found that,

20   overall, Plaintiff often exhibited normal gait/station and/or balance, normal coordination, and the

21   ability to walk without an assistive device, *id.* (citing AR 377, 646, 665, 2137, 1272).   She also

22   noted that the record shows Plaintiff can persist at household tasks and hobbies, *id.* (citing AR

23   728), and his reports of his other activities, including, *inter alia*, making screen doors, going for

1  walks, cleaning his house, cooking simple meals, shopping for groceries, driving, attending

2  college classes, and working on an internship, *id*. (citations omitted).  The ALJ found this

3  evidence did not support a limitation to sedentary exertional work or a conclusion that his

4  conditions met a listing.  She also noted that Dr. Packer inconsistently opined in one portion of

5  his assessment that Plaintiff could not perform work at any exertional level and in another

6  portion opined that Plaintiff was able to perform at the sedentary level.  AR 2161 (citing AR

7  1877).  The ALJ additionally found that, to the extent the fact of a disabled parking placard

8  constitutes a medical opinion, it was accorded little weight given that disability is an issue

9  reserved to the Commissioner.  AR 2163.

10       Plaintiff asserts that the ALJ's analysis of Conover's opinion is conclusory and not

11  supported by substantial evidence, that Conover's opinion is consistent with the findings and

12  opinions of Miller and Dr. Heilbrunn, and that none of the cited activities contradict Conover's

13  opinion.  He asserts that the minor internal inconsistency identified in relation to Dr. Packer does

14  not justify rejecting the entire opinion and that the ALJ insufficiently lists some normal findings

15  and some activities, none of which actually contradict Dr. Packer's opinion.  He asserts that

16  McReynolds' opinion is consistent with her clinical findings and that the issuance of a disabled

17  parking placard was an opinion that he required disabled parking and therefore an opinion

18  regarding his limitations not addressed by the ALJ.

19       The Court finds no error.  The ALJ provided specific and legitimate reasons for assigning

20  little weight to this opinion evidence by identifying conflict with the objective medical evidence

21  of record, the evidence of limited treatment, normal examination findings, and evidence of

22  Plaintiff's activities, as well as an internal inconsistency in the evidence from Dr. Packer.  *See,*

23  *e.g.*, *Smartt v. Kijakazi*, 53 F.4th 489, 496 (9th Cir. 2022) (ALJ may discount opinion

1    inconsistent with the treatment record showing normal findings and evidence of improvement);

2    *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) ("A conflict between a treating physician's

3    opinion and a claimant's activity level is a specific and legitimate reason for rejecting the

4    opinion."); *Tommasetti*, 533 F.3d at 1041 (inconsistency with the record); *Morgan*, 169 F.3d at

5    603 (internal inconsistencies within and between physicians' reports); *Flaten v. Sec. of Health &*

6    *Human Servs.*, 44 F.3d 1453, 1464 (9th Cir. 1995) ("ALJ was entitled to draw an inference from

7    the general lack of medical care for back problems during the intervening years between the two

8    surgeries").  Plaintiff here suggests an alternative interpretation of the evidence.  However, the

9    fact that an ALJ "*could* have come to a different conclusion" in interpreting the record does not

10   suffice to demonstrate error.  *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2018).  The

11   ALJ's conclusions are properly upheld because they are supported by substantial evidence and

12   her interpretation of the evidence is rational.  *Id.*

13          The ALJ also properly found that, to the extent the disabled parking placard is construed

14   as a medical opinion, it was entitled to little weight as an opinion on an issue reserved to the

15   Commissioner.  *See* 20 C.F.R. §§ 416.927(d), 404.1527(d).  Plaintiff again offers a different

16   interpretation of this evidence as an opinion regarding his limitations, but fails to identify any

17   specific limitations relating to an ability to work or explain how those limitations conflict with

18   the assessed RFC.  Plaintiff therefore does not demonstrate harmful error.

19                          5.      *Tasmyn Bowes, Psy.D.*

20          In November 2009 and September 2010, Dr. Tasmyn Bowes offered opinions assessing

21   mild-to-moderate mental limitations in functioning.  *See* AR 613-21, 1842-49.  The ALJ gave

22   these opinions great weight.  AR 2157.  She observed that the record shows Plaintiff has some

23   limitations in functioning, as evidenced by occasions in which he presents with impaired

concentration, irritability, and/or difficulty in interrupting or redirecting, but also reflects many

occasions in which Plaintiff presents with normal mental status examinations (MSE). *Id.* (citing

AR 622, 624, 1972, 1985). Also, Plaintiff attends college classes and maintains passing grades,

utilizes social media applications, and works on the computer. *Id.* (citing AR 671, 728, 1284,

1982). The ALJ concluded that the record supported no more than moderate limitations in

functioning, resulting in Plaintiff's ability to perform simple instructions with only occasional

contact with the public and coworkers. *Id.*

Plaintiff argues the ALJ erred in assigning great weight to Dr. Bowes's opinions but

failing to provide any reasons for rejecting her opinion that his depression would impact his rate

of absenteeism and productivity and that his interpersonal skills would impact his ability to

interact with co-workers and supervisors. *See* AR 617. However, in so doing, Plaintiff points to

a portion of Dr. Bowes's November 2009 report in which she discussed Plaintiff's symptoms,

not the portion in which she assessed only mild-to-moderate functional limitations. *See* AR 617,

619. Plaintiff does not identify specific limitations he believes the ALJ omitted based on the no

more than moderate limitations assessed. He therefore does not demonstrate error in the ALJ's

consideration of this opinion evidence. *See, e.g., Fiederowicz v. Kijakazi*, No. 19-35567, 2021

WL 4776995, at *1 (9th Cir. Oct. 13, 2021) ("The ALJ was not required to include every facet of

[a physician's] opinion in the [RFC] because the ALJ is 'responsible for translating and

incorporating clinical findings into a succinct RFC.'") (quoting *Rounds v. Comm'r, Soc. Sec.

Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015)); *Turner*, 613 F.3d at 1223 (ALJ need not provide

reason for rejecting physician's opinions where ALJ incorporated opinions into RFC; ALJ

incorporated opinions by assessing RFC limitations "entirely consistent" with limitations

assessed by physician).

1

6.    *Melinda C. Losee, Ph.D.*

2

In May 2011, consultative examiner Dr. Melinda Losee opined that Plaintiff's depression

3

did not appear to significantly impact his daily functioning, that he appeared to have the ability

4

to understand, remember, and carry out instructions on a sustained basis, that he was generally

5

able to respond appropriately to supervision, co-workers, and the public, but his social skills and

6

social judgment "appear impaired[,]" and that he is capable of dealing with normal work

7

pressure and changes in a routine work setting.  AR 671-72.  The ALJ gave the opinion little

8

weight because it was internally inconsistent (interaction with others), vague, and inconsistent

9

with the totality of the record.  AR 2158 (also providing same discussion of and citation to record

10

provided in relation to Dr. Bowes and same conclusion as to mental RFC assessment).

11

Plaintiff describes some aspects of Dr. Losee's evaluation and states that the overall

12

evidence shows he is even more limited than opined by Dr. Losee.  However, Plaintiff does not

13

challenge and the Court finds no error in the several different specific and legitimate reasons

14

provided by the ALJ for assigning the opinion little weight.  *See, e.g.*, *Ford*, 950 F.3d at 1155-56

15

(ALJ reasonably concluded descriptions of a claimant's "'limited' or 'fair'" abilities were not

16

useful because they failed to specify functional limitations, and properly considered

17

inconsistency with activities); *Tommasetti*, 533 F.3d at 1041 (inconsistency with the record);

18

*Morgan*, 169 F.3d at 603 (internal inconsistencies).

19

7.    *Keith Krueger, Ph.D.*

20

Dr. Keith Krueger completed three psychological evaluations.  *See* AR 725-29, 1813-25,

21

1832-41.  In October 2012 and November 2013, Dr. Krueger assessed, *inter alia*, marked

22

limitations in Plaintiff's ability to adapt to changes, communicate and perform effectively,

23

maintain appropriate behavior, and/or perform activities in a schedule, maintain attendance, and

be punctual.  AR 1816, 1834.  The ALJ gave these opinions some weight, noting MSEs showed occasions in which Plaintiff was difficult to interrupt or presented as irritable, but that, overall, he remains cooperative and friendly, exhibits adequate eye contact and speech, reports spending time with and visiting others, talking to and playing with people online, attends school and receives passing grades, works on an internship, and utilizes social media applications.  AR 2160-61 (citing AR 297, 320, 670-71, 727, 1237, 1272, 1937, 1984-85, 2048-49, 2811).  The ALJ found the marked limitations not supported and gave them limited weight, but found social limitations and simple instruction limitations supported.

Plaintiff asserts that the ALJ's finding of an absence of support for the marked limitations assessed in Dr. Krueger's October 2012 evaluation is not supported by substantial evidence and therefore not a legitimate reason.  This assertion of error is wholly conclusory and not further addressed.  As related to the November 2013 evaluation, Plaintiff asserts that Dr. Krueger was able to base his opinion on the totality of his clinical findings from three evaluations and that none of Plaintiff's limited activities are actually inconsistent with the opinion.  This argument merely offers an alternative interpretation of the evidence.  The ALJ's conclusion that Dr. Krueger's opinions were not supported by the evidence of record overall is rational and supported by substantial evidence.

In February 2013, Dr. Krueger noted that Plaintiff exhibited decent memory, but gave questionable effort on some testing, had little difficulty with comprehension, but problems with listening consistently, somewhat pressured speech, and quite opinionated ideas, so judgment could be slanted, but that this would "interfere more with relationships than with job skill performance[.]"  AR 727-28.  Dr. Kreuger also noted Plaintiff's persistence had decreased, "with conviction that he can no longer work[,]" but that he could be persistent "with household tasks,

1    hobbies, chat rooms, etc.[,]" had apparently adequate online interactions, enough friends to

2    always have a place to stay, and, "[r]ather limited adaptation, in that he considers self

3    unemployable and he looks more diligently for ways to confirm his disabilities than to find more

4    productive ways to spend his time or more rehabilitative programs to pursue."  AR 728-29.

5         The ALJ afforded only some weight to this opinion.  AR 2160.  He noted that Dr.

6    Krueger did not provide a functional assessment and found the opinion vague but generally

7    consistent with the evaluation of Plaintiff at the time the opinion was rendered.  *Id*.  The ALJ

8    found that, overall, the record supported that Plaintiff was only able to perform simple

9    instructions, with occasional interaction with the public and coworkers.  *Id*. (citing AR 670, 727,

10   1237, 1272, 2812, 1984-85).

11        Plaintiff points to Dr. Krueger's description of his decreased persistence and rather

12   limited adaptation.  *See* AR 728-29.  However, the ALJ accurately noted and properly considered

13   the absence of any specific functional limitations assessed.  *See, e.g.*, *Ford*, 950 F.3d at 1155-56.

14   The ALJ also reasonably considered, among other things, the evidence of questionable effort on

15   testing, *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012), and the inconsistency between

16   decreased persistence on testing and the evidence of his persistence in his daily activities,

17   *Morgan*, 169 F.3d at 603.  For this reason and for the reasons set forth above, Plaintiff does not

18   demonstrate error in relation to Dr. Krueger.

19                    8.    *Kimberly Wheeler, Ph.D.*

20        Dr. Kimberly Wheeler conducted a psychological evaluation of Plaintiff in November

21   2013.  AR 1931-35.  She assessed, *inter alia*, marked limitations in adapting to changes,

22   communicating and performing effectively, and completing a normal workday/week.  AR 1933.

23   The ALJ afforded this opinion little weight.  AR 2163.  She noted Dr. Wheeler's citation to

Plaintiff's subjective reports of increased rumination and irritability, and her observation that, given his characterological features, it would be unlikely to see a substantial increase in his employability in the future. *Id*. (citing AR 1934). The ALJ found these findings inconsistent with the totality of the record and that Plaintiff's demonstrated functioning failed to support the marked limitations assessed. The ALJ explained that, while some findings were reflected in MSEs, the record, overall, reflected Plaintiff presented as alert, oriented, and exhibited intact memory and attention/concentration, normal thought process/content, no suicidal ideation, and normal mood/behavior, that he was generally cooperative with examiners and exhibiting adequate eye contact and speech, and reported spending time with friends, utilizing social media applications, attending school and receiving passing grades, drives, shops in stores, and completes household chores. *Id*. (citing AR 297, 320, 622, 624, 664, 670-71, 727-28, 1237, 1272, 1972, 1984-85, 2821).

Plaintiff argues the ALJ's analysis is not supported by substantial evidence, that Dr. Wheeler's opinion is supported by her own clinical findings and is reasonably consistent with the findings and opinions of Drs. Bowes, Losee, and Krueger, and that none of the findings and activities cited by the ALJ actually contradict Dr. Wheeler's opinions. These arguments do not, however, identify any error in the ALJ's reasoning. They are, instead, conclusory and merely suggest an alternative interpretation of the evidence. The ALJ's interpretation of the evidence is rational and supported by substantial evidence.

9.    *Jaime A. Foland, M.D.*

Plaintiff cites to a February 2013 examination record from Dr. Jaime Foland and argues the ALJ erred by failing to acknowledge that the findings from this examination support his testimony about his symptoms and limitations, as well as the opinions of Miller and Dr.

1    Heilbrunn.  This mere citation to and description of a medical record does not suffice to

2    demonstrate error.  *See, e.g., Putz*, 2022 WL 6943095, at *2; *Brian J. C.*, 2025 WL 1149711, at

3    *6.  Plaintiff does not undermine the substantial evidence support for the ALJ's consideration of

4    the medical evidence of record.  *See generally Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th

5    Cir. 1997) ("[T]he key question is not whether there is substantial evidence that could support a

6    finding of disability, but whether there is substantial evidence to support the Commissioner's

7    actual finding that claimant is not disabled.").

8             10.    *Alfred Scottolini, M.D., Norman Staley, M.D., and Dennis Koukol, M.D.*

9         The ALJ assigned great weight to the opinions of non-examining physicians Drs. Alfred

10   Scottolini, Norman Staley, and Dennis Koukol, offered in May 2011, September 2011, and

11   March 2014 respectively, that Plaintiff could perform light work with various postural and other

12   limitations.  AR 2159 (citing AR 87-112, 115-44, 1354-64).  The ALJ found diagnostic testing

13   and physical exams supported the finding that Plaintiff was only capable of a less than full range

14   of light work, as evidenced by examination findings that included reduced range of motion,

15   tenderness to palpation, occasional positive straight leg raise testing, and give away weakness,

16   and that the record often reflected that Plaintiff ambulates with a normal gait/station and/or

17   balance/coordination and is able to heel-toe walk.  *Id*. (citations to record omitted).

18        Plaintiff asserts that the opinions of these physicians were entitled to little weight because

19   they are inconsistent with the findings and opinions of Miller and Dr. Heilbrunn and because

20   they had not reviewed his testimony or any evidence since March 2014.  Plaintiff does not

21   identify error based on the fact that Drs. Scottolini, Staley, and Koukol were not able to consider

22   either Plaintiff's testimony or later-dated evidence.  Indeed, "there is always some time lapse

23   between a consultant's report and the ALJ hearing and decision, and the Social Security

1    regulations impose no limit on such a gap in time." *Owen v. Saul*, 808 F. App'x 421, 423 (9th

2    Cir. 2020). Further, neither Plaintiff's conclusory assertion of error, nor his alternative

3    interpretation of the evidence suffices to demonstrate error. The ALJ, for this reason and for the

4    reasons stated above, did not err in considering the medical opinions in the record.

5    **B.    The ALJ Did Not Err in Assessing Plaintiff's Symptom Testimony**

6           Absent evidence of malingering, an ALJ must provide clear and convincing reasons to

7    discount a claimant's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

8    In this case, the ALJ identified several clear and convincing reasons for discounting Plaintiff's

9    testimony, including inconsistency with the medical evidence of record, his activities, his

10   treatment history, and in his performance on examination. *See* AR 2153-56. The ALJ also

11   considered evidence of symptom exaggeration. *See id.* For the reasons discussed below,

12   Plaintiff does not show error in this assessment.

13          Plaintiff first asserts that the ALJ's failure to properly evaluate the medical opinion and

14   other medical evidence of record tainted her evaluation of the symptom testimony. However, as

15   discussed above, the Court finds no such error.

16          Plaintiff further deems the ALJ's consideration of the medical evidence selective and

17   suggests the ALJ simply and insufficiently recited medical evidence and improperly relied on an

18   absence of objective medical support. To the contrary, the ALJ properly contrasted Plaintiff's

19   subjective complaints with a detailed discussion of medical evidence inconsistent with those

20   complaints, including imaging results and findings on physical and mental examination. *See* AR

21   2153-56 (citations to record omitted). The ALJ, in so doing, offered a clear and convincing

22   reason for discounting Plaintiff's testimony. *See, e.g., Smartt*, 53 F.4th at 498 ("When objective

23   medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ

1   may indeed weigh it as undercutting such testimony.  We have upheld ALJ decisions that do just

2   that in many cases.") (citations omitted).

3         Plaintiff also challenges the ALJ's consideration of his activities, asserting none met "the

4   threshold for transferable work skills" or showed he could perform full-time competitive work

5   on a sustained basis.  *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).  However, activities may

6   undermine a claimant's symptom testimony where they meet the threshold of transferable work

7   skills *or* where they contradict the claimant's testimony.  *Id*.  *See also Smartt*, 53 F.4th at 499

8   (ALJ may consider whether claimant engages in daily activities inconsistent with alleged

9   symptoms).  The ALJ here properly found Plaintiff's alleged degree of impairment inconsistent

10  with evidence of his activities, including his ability to persist at household tasks and hobbies,

11  interact with friends online and through social media, attend group counseling sessions without

12  noted issue or incident, hang out with a neighbor/friends and attend a barbecue, make screen

13  doors, go for walks, clean his house, cook simple meals, shop for groceries, continue to drive,

14  attend college classes with passing grades, and work on an internship.  AR 2156 (citations to

15  record omitted).

16        Plaintiff contends the cited activities are fully consistent with his testimony, that it took

17  him four years to obtain a two-year college degree, and that the ALJ improperly rejected his

18  testimony based on his compliance with recommended counseling and his ability to walk with

19  pain during physical therapy.  None of these arguments undermine the substantial evidence

20  support for the ALJ's decision.  The ALJ, for example, reasonably found Plaintiff's ability to

21  attend college classes with passing grades and work on an internship inconsistent with his

22  allegation he could only pay attention for about ten minutes.  AR 2153, 2156 (citations to record

23  omitted).  The ALJ also properly considered evidence of inconsistency even where Plaintiff's

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 20

1  engagement in activities suggested "some difficulty" in functioning.  *Molina*, 674 F.3d at 1112-

2  13.

3        As related to treatment, Plaintiff asserts an absence of any evidence of a curative

4  treatment available during the relevant period and that he continued to experience symptoms and

5  limitations.  The ALJ nonetheless properly considered evidence of limited treatment, significant

6  gaps in treatment, the conservative nature of treatment, and symptom relief from treatment

7  received.  *See* AR 2154-56 (citations to record omitted); *Wellington v. Berryhill*, 878 F.3d 867,

8  876 (9th Cir. 2017) (evidence of treatment successfully relieving symptoms can undermine claim

9  of disability); *Tommasetti*, 533 F.3d at 1039 (ALJ may consider unexplained or inadequately

10  explained failure to seek or follow through with treatment); *Parra v. Astrue*, 481 F.3d 742, 750-

11  51 (9th Cir. 2007) (evidence of conservative treatment suffices to discount testimony regarding

12  severity of impairment); *Burch v. Barnhart*¸ 400 F.3d 676, 681 (9th Cir. 2005) (ALJ may

13  consider lack of treatment in assessing symptom testimony).

14        Plaintiff, finally, refutes the Commissioner's depiction of the decision as containing a

15  finding of malingering and otherwise downplays the significance of any associated evidence.

16  *See* Dkt. 15 at 3 & Dkt. 16 at 6-7.  The Court agrees that the decision does not contain an

17  affirmative finding of malingering.  The decision does, however, reflect the ALJ's consideration

18  of evidence of symptom exaggeration.  *See* AR 2154 (considering provider's observation that

19  Plaintiff "appeared to be 'overstating and overplaying his [physical] symptoms'") (quoting AR

20  646); AR 2155 (considering that an examiner questioned Plaintiff's "effort during the mental

21  status tasks as he demonstrated a pattern in his errors as well as appearing deliberate in his

22  errors) (citing AR 727-28); *see also* AR 2160 ("The doctor further observed that the claimant's

23  persistence seemed to have decreased, with his 'conviction that he can no longer work,' but

1   noted that the claimant could be persistent with household tasks, hobbies, chat rooms etc.")

2   (quoting AR 728).  The ALJ properly considered that evidence in discounting Plaintiff's

3   testimony.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).  Plaintiff does not, for

4   this reason and for the reasons stated above, demonstrate error in the ALJ's consideration of his

5   symptom testimony.

6   ### C.    The ALJ Did Not Err in Addressing Lay Testimony

7          Plaintiff asserts error in relation to lay testimony from his daughter and from Social

8   Security Administration (SSA) employee D. Benton.  Dkt. 13 at 18.  The ALJ noted she

9   considered a March 2013 statement from Plaintiff's daughter,[5] but gave it little weight as it was a

10  "lay opinion[] based upon casual observation, rather than objective medical evidence."  AR 2163

11  (citing AR 334-38).  The ALJ did not address a November 2013 record in which D. Benton

12  wrote:  "Claimant was unable to sit for most of interview as his back and shoulder were hurting

13  him.  No other limitations observed."  AR 1689.

14         Plaintiff argues that the ALJ erred in failing to provide the necessary germane reason for

15  rejecting his daughter's lay testimony, *see Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009),

16  and in failing to even discuss the evidence from D. Benton, *see* 20 C.F.R. § 404.1529(c)(3).

17  Plaintiff does not, however, demonstrate prejudicial error.

18         The failure to address or to properly address lay testimony may be deemed harmless

19  where it is "'inconsequential to the ultimate nondisability determination.'"  *Molina*, 674 F.3d at

20  1115 (cited sources omitted).  The Court must look to the record as a whole "to determine

21  whether the error alters the outcome of the case."  *Id*.  Where lay testimony is similar to other

22

23

---

[5] The ALJ inaccurately depicts this as a statement from Plaintiff's mother.  *See* AR 2163.

testimony validly discounted by the ALJ or contradicted by more reliable evidence the ALJ

credited, any error in relation to that testimony is harmless. *Id*. at 1115, 1119.

In this case, Plaintiff does not identify and the Court does not find any limitations

described in the lay testimony that differ from the testimony offered by Plaintiff, or that would

have altered the ALJ's conclusions about the medical evidence of record. As such, any error in

relation to the lay testimony was harmless. *See, e.g.*, *Kennedy v. O'Malley*, No. 22-35866, 2024

WL 242992, at *2 (9th Cir. Jan. 23, 2024); *Baker v. Berryhill*, No. 15-35284, 2017 U.S. App.

LEXIS 26258, at *8 (9th Cir. Dec. 21, 2017); *Molina*, 674 F.3d at 1115.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and

this case is **DISMISSED** with prejudice.

Dated this 15th day of October, 2025.

_____

S. KATE VAUGHAN
United States Magistrate Judge